Burbank *v.* Fay.

---

GIDEON W. BURBANK and others *v.* JOHN D. FAY and others.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

Title by prescription is restricted to such rights as might have been created by grant.   If by law no grant of a right could ever be rightfully made, no presumption of grant arises from user, and the right cannot rest in prescription.   The presumption must be in such case that the party claiming by user held only by such right as might have been lawfully obtained.

*Held*, accordingly, that where the plaintiffs claimed title by prescription to the use of certain waters of the Erie canal, used by them and their

grantors for the purpose of a private basin, uninterruptedly and under claim of right for more than forty years, upon which they had located mills, the use of which depended upon the communication with the canal by means of such basin, that inasmuch as the Constitution ever since 1821 has prohibited the legislature from selling or disposing of in any way any portion of the canals of the State (Const. of 1821, art. 7, § 10; Const. of 1846, art. 7, § 6), and it is provided by the Revised Statutes (1 R. S., 248, § 177) that no person without the written permission of a canal commissioner shall construct any basin, &c., on any canal, and that every basin, &c., so constructed shall be held during the pleasure of the canal commissioners and subject to their control, and the party constructing such basin, &c., without permission is subject to a penalty (§ 178) and the destruction thereof at his own expense, these provisions having been taken from the Laws of 1820; that the presumption was that the right was originally taken from a canal commissioner, and subject to the above provisions of law.

That an injunction therefore, restraining a canal commissioner from the obstruction of such basin, pursuant to the direction of the canal board, was improper and rightly dissolved.

APPEAL from order dissolving injunction. The action was brought for the purpose of enjoining the defendants from closing a certain basin, known as Child's basin, situated in the city of Buffalo, and communicating with the waters of the Erie canal. The plaintiffs were proprietors of mill seat lots, situated upon the basin, and alleged, among other things, that for more than forty years the basin had been used in common by the proprietors of lots adjacent thereto, under claim of right, without payment of rent or profits, and that the same had been a common way for all the proprietors of mill seat lots situated thereon, as marked and laid out upon a map thereof made by original proprietors. That the defendants were proceeding to close the basin, to the great and irremediable injury of the plaintiffs, who had erected valuable buildings for milling purposes upon such lots, the use of which depended upon communication with the canal by means of the basin. That the defendant Fay was a canal commissioner, in charge of that section of the canal into which the basin entered; and that the other defendants were acting under his orders, and that their acts were author-

Burbank v. Fay.

ized by the canal board. The injunction was granted upon the verified complaint.

*J. C. Cochrane*, for the appellant.

*H. R. Selden*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.   Whether the plaintiffs were entitled to have and to retain their injunction, depends upon the question whether they have the right, as against the State, to have their basin connected with the Erie canal by an open and unobstructed passage from one to the other, and supplied with water from the waters of the canal. This right must be shown by the complaint, as the injunction was granted on the complaint alone.

The plaintiffs allege in their complaint, on information and belief, that they have such right by grant and prescription, which cannot be taken away without compensation, and that the basin could not be closed without their consent.

This allegation, on information and belief, is not sufficient to entitle the plaintiffs to an injunction. The fact is, however, stated with sufficient certainty that the plaintiffs and their grantors have been in the uninterrupted use of the basin, in connection with the canal as it was before the acts complained of, for a period of over forty years under claim of right, without dispute or adverse claim by any other party. If this fact of peaceable occupancy, under claim of right, for this period, is sufficient to raise the presumption of a grant from the State of a perfect title to the right, the injunction was properly granted, and should have been retained. At common law, title by prescription could not be made to land or corporeal hereditaments, or to such incorporeal rights as must arise by matter of record, but was restricted to such things as might be created by grant. The right must be consistent with the presumption of a grant. (Best on

Presump., 88 ; Co. Litt., 114 *a ; Foxley's Case,* 5 Coke, 109 *a ;* Bouv. Law Dic., tit. Prescription.) If, by law, no grant of the right could ever have been rightfully made, no presumption of grant arises, and the right cannot rest in prescription. The presumption must be, in such case, that the party held by such right only as might have been lawfully obtained.

By our State Constitution the legislature has been prohibited, ever since 1821, from selling, or disposing of in any way, any portion of the canals of the State. (Const. of 1821, art. 7, § 10 ; Cons. of 1846, art. 7, § 6.) By these provisions of the organic law, it was ordained that the canals of the State should remain its property and under its management forever. By the Revised Statutes (1 R. S., 248, § 177), it is provided that no person, without the written permission of a canal commissioner, shall construct any wharf, basin or watering place on any canal, or make or apply any device whatever for the purpose of taking water from a canal, and that every wharf, basin, watering place or device constructed with such permission shall be held during the pleasure of the cana' commissioners, and subject to their control. By section 178 of the same statute, every person constructing any such wharf, basin or device, without permission, is subjected to a penalty, and becomes liable to have his construction destroyed at his own expense. These sections were incorporated into the Revised Statutes from the Laws of 1820, and have been in force ever since they were first enacted. The legal presumption, therefore, from the facts alleged positively in the complaint, is that the plaintiffs, or their grantors, took their right from a canal commissioner, and such right only as he had power to give, and that such right has ever since been held and enjoyed under such imperfect and uncertain tenure. The complaint shows that the act of closing the basin and cutting it off from the canal was authorized by the canal board ; that the defendant, Fay, is a canal commissioner, having charge of that portion of the canal, and that the other defendants were acting under his orders.

The privilege about to be taken away by the acts com

plained of is undoubtedly exceedingly valuable to the plaintiffs, as an appurtenant to their mills and other property; but it is their misfortune to hold it by such a precarious right. The acts were lawful on the part of the canal commissioner, and the motives of any of the parties acting under him, or in influencing him or the canal board to act, cannot be inquired into. If the law justifies the act, the motive is of no consequence.

The injunction was properly dissolved, and the order must be affirmed, with costs of the appeal.

Order affirmed.